# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DONNA M. MEIERER, as Guardian and Conservator of the Estate of Matthew A. Meierer, on Behalf of Matthew A. Meierer and All Others Similarly Situated, ) ) ) ) ) | |
| Plaintiff. ) | Case No. 04-3449-CV-S-GAF |
| ) vs. ) ) | |
| ST. JOHN'S REGIONAL HEALTH CENTER, ) ) | |
| Defendant. ) | |

## **ORDER**

Presently before the Court is a Motion to Remand filed by the Plaintiff, Donna M. Meierer ("Meierer").[1] (Doc. #15). The Defendant, St. John's Regional Health Center ("St. John's"), removed this action contending that Meierer's complaint asserts two state law claims which require resolution of a substantial question of federal law. (Doc. #21). Meierer argues that this case should be remanded because she has not asserted any claims based on federal statutes or federal common law and her state law claims do not depend on the resolution of any substantial questions of federal law. (Doc. #16). For reasons set forth more completely below, this Court finds that it does not have original subject matter jurisdiction over Meierer's cause of action; therefore, Meierer's Motion to Remand is GRANTED.

---

[1] Donna M. Meierer is the Guardian and Conservator of the Estate of Matthew A. Meierer and has filed this action on his behalf and on behalf of all others similarly situated. For the sake of simplicity, the Court will refer to these parties collectively as "Meierer."

1

**DISCUSSION**

**I.     Facts**

Meierer, a patient of St. John's hospital, does not have health insurance and is ineligible for governmental assistance for healthcare. (Doc. #16). Meierer claims that as a result of her uninsured status, St. John's wrongfully required her to execute a form contract agreeing to pay all incurred charges as a prerequisite to receiving medical treatment and then charged her excessive rates for the medical care she received. Id. Consequently, Meierer filed a complaint in Missouri state court asserting seven state law claims: (1) third-party breach of contract, (2) breach of express contract, (3) breach of the duty of good faith and fair dealing, (4) breach of charitable trust, (5) breach of the duty to provide emergency medical treatment, (6) violation of Missouri's Merchandising Practices Act, and (7) unjust enrichment. (Doc. #1).

St. John's removed Meierer's action to this Court on the basis of federal question jurisdiction and Meierer presently seeks remand. St. John's argues that Meierer's claims for breach of charitable trust and breach of the duty to provide emergency medical treatment present a substantial question of federal law. Id. Specifically, St. John's contends that Meierer's claim for breach of charitable trust relies on state law which references federal income tax provisions. Id. Additionally, St. John's asserts that Meierer's claim for breach of the duty to provide emergency medical treatment is actually a claim arising under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"). Id. Although Meierer's complaint does not assert any claims based on federal statutes or the federal common law, "St. John's *assumed* that Plaintiff intended to assert direct federal claims under 26 U.S.C. § 501(c)(3) and EMTALA." Id. (emphasis added).

St. John's argues that federal question jurisdiction exists because the state law upon which Meierer's claim for breach of charitable trust is premised references the federal law governing tax exempt entities. (Doc. #21). Meierer argues that Missouri law imposes various charitable obligations on St. John's as a result of St. John's status as a tax exempt entity. (Doc. #16). To classify St. John's as a tax exempt entity, Meierer relies on Mo. Rev. Stat. § 143.441.2(1) which provides in relevant part:

> 2. The tax on corporations provided in subsection 1 of section 143.431 and section 143.071 shall not apply to:
> > (1) A corporation which by reason of its purposes and activities is exempt from federal income tax.

Accordingly, an entity that is exempt from federal income taxation under 26 U.S.C. § 501(c)(3) is also automatically exempt from Missouri state income taxation. St. John's argues that this creates a substantial question of federal law sufficient to support original subject matter jurisdiction based on a federal question. (Doc. #21).

Meierer responds that her claim for breach of charitable trust is not dependent on the construction or application of federal income tax laws. (Doc. #24). Meierer emphasizes that St. Johns' status as a tax exempt entity is undisputed. Id. Therefore, there is no question of federal income tax law which needs to be resolved to determine if St. John's is a tax exempt entity pursuant to either 26 U.S.C. § 501(c)(3) or Mo. Rev. Stat. § 143.441.2(1). Id. The issue is not whether St. John's is a tax exempt entity, but rather whether St. John's tax exempt status carries charitable obligations under Missouri law; and, if Missouri law does impose charitable obligations, whether these charitable obligations are violated by St. John's practice of requiring patients to sign contracts guaranteeing the payment of incurred charges as a condition of receiving medical treatment.

3

Additionally, St. John's argues that federal question jurisdiction exists over Meierer's claim for breach of the duty to provide emergency medical treatment because this claim is actually based on EMTALA. (Doc. #21). EMTALA provides that any hospital that has an emergency room and receives federal funding must, if a patient arrives at its emergency department and a request is made on the patient's behalf for examination or treatment, provide an appropriate medical screening examination to determine whether or not an emergency medical condition exists, and stabilize the condition of those patients who are found to have an emergency medical condition before transferring them to other facilities (with certain exceptions). 42 U.S.C. § 1395dd(a)-(b). Violations of EMTALA give rise to a private cause of action. 42 U.S.C. § 1395dd(d)(2)(A).

Meierer claims that St. John's breached its duty to provide emergency medical treatment by failing to comply with 19 C.S.R. 30-20.021 which establishes the standards for the operation of hospitals in Missouri. (Doc. #16). Meierer notes that hospitals are required by law to provide emergency services and Missouri law further requires that:

> Each hospital providing general services to the community shall provide an easily accessible emergency area which shall be equipped and staffed to ensure that ill or injured persons can be promptly assessed and treated or transferred to a facility capable of providing specialized services.

19 C.S.R. 30-20.021(3)(C)(1). According to Meierer, the issue here is whether St. John's practice of requiring uninsured patients to sign a form contract agreeing to pay all incurred charges prior to rendering medical treatment violates Missouri regulations governing the standards for the operation of hospitals. (Doc. #16). While these regulations do reference EMTALA, they do not rely entirely on the provisions of EMTALA when outlining the duties and obligations of hospitals under Missouri law. 19 C.S.R. 30-

4

20.021.

**II.     Standard**

An action may be removed by a defendant where the case falls within the original subject matter jurisdiction of the federal district courts.  28 U.S.C. § 1441(a).  District courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed.  28 U.S.C. § 1447(c).  The party opposing remand to state court bears the burden of establishing federal subject matter jurisdiction.  Green v. Ameritrade, Inc., 279 F.3d 590, 595 (8th Cir. 2002).

In analyzing the propriety of removal, the Court must begin by applying the "well-pleaded complaint rule" which provides:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose.

Taylor v. Anderson, 234 U.S. 74, 75-76 (1914).  The well-pleaded complaint rule makes the plaintiff "the master of the claim and he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).[2]

---

[2]*See* The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("The party who brings a suit is master to decide what law he will rely upon."); Merrell Dow Pharmaceuticals, Inc. v.

5

The "complete preemption" doctrine functions as an exception to the well-pleaded complaint rule. "On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, 482 U.S. at 392 *quoting* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987). Where the Court has determined that Congress has completely preempted a particular area, "the Plaintiff may not avoid federal question jurisdiction . . . by artfully concealing the federal question in an otherwise well-pleaded complaint under state law." Dudek v. Prudential Securities, Inc., 295 F.3d 875, 879 (8th Cir. 2002).

Courts have struggled with precisely defining when a plaintiff's well-pleaded complaint "arises under" federal law. "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, [the Supreme Court] [has] long construed the statutory grant of federal question jurisdiction as conferring a more limited power." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807-8 (1986) (internal citations omitted). The vast majority of cases premised on federal question jurisdiction are suits where federal law creates the cause of action. Id. at 808. However, the Supreme Court has also found that federal question jurisdiction exists "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 9 (1983).

This second type of federal question jurisdiction was first recognized Smith v. Kansas City Title &

---

Thompson, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); Great North R. Co. v. Alexander, 246 U.S. 276, 282 (1918) ("The plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

6

Trust Co., 255 U.S. 180 (1921). In Smith, the Supreme Court found that federal question jurisdiction exists where state law creates the cause of action and the plaintiffs challenge the defendant's conduct on Constitutional grounds. Id. at 199. The Court relied on a statement by Chief Justice Marshal regarding the grant of constitutional power to confer jurisdiction upon the federal courts:

> A case in law or equity . . . may truly be said to arise under the Constitution or a law of the United States, whenever its correct decision depends upon the construction of either, and again when the title or right set up by the party, may be defeated by one construction of the Constitution or law of the United States, and sustained by the opposite construction.

As such, following Smith, if the relief sought in the complaint depends upon the construction or application of the Constitution or federal statutory or common law, then the claim "arises under" federal law within the meaning of 28 U.S.C. § 1331.

Subsequently, in Gully v. First Nat. Bank in Meridian, 299 U.S. 109 (1936), Justice Cardozo articulated the "essential element" test for federal question jurisdiction. According to Justice Cardozo, to bring a case within statutory federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully, 299 U.S. at 112. To be considered an essential element of the plaintiff's cause of action, "a genuine and present controversy, not merely a possible or conjectural one," must exist regarding federal law. Id. at 113.

The "essential element" test for federal question jurisdiction was re-affirmed by the Supreme Court in Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983). In Franchise Tax, the Supreme Court held that Congress has given the lower federal courts jurisdiction to hear those cases where "the plaintiff's right to relief necessarily depends on resolution of a *substantial* question of federal law."

7

Id. at 27-28 (emphasis added). The Court found that the plaintiff's cause of action did not rely on the resolution of a substantial issue of federal law because "the [plaintiff's] right to enforce its tax levies under state law is not of central concern to the federal statute." Id. at 25-26.

The Supreme Court's holdings in Smith, Gully and Franchise Tax give rise to the rule that federal question jurisdiction exists where an *essential* element of the plaintiff's cause of action depends upon the construction or application of a *substantial* question of federal law in dispute between the parties.[3] The Supreme Court applied this rule in Merrell Dow to conclude that a state law cause of action based on the violation of a federal law for which Congress has declined to provide a private right of action, does not present a substantial question of federal law sufficient to support jurisdiction under § 1331. Merrell Dow, 478 U.S. at 814.[4]

The Court has cautioned against an overly broad exercise of federal question jurisdiction in cases where state law turns on some construction of federal law. *See* Merrell Dow, 478 U.S. at 809. "The mere presence of a federal issue in a state law cause of action does not automatically confer federal-question

---

[3] *See* Franchise Tax, 463 U.S. at 13 ("Even though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.").

[4] The Supreme Court reasoned, "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." The Court does not interpret this reasoning to support the conclusion that the only time a state law cause of action presents a sufficiently substantial question of federal law is when Congress has provided the plaintiff with a private right of action. As the primary type of federal question jurisdiction exists where the suit arises under the federal law that creates the cause of action, this narrow interpretation of the reasoning in Merrell Dow effectively eradicates the second type of federal question cases altogether. *See* American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).

jurisdiction." Merrell Dow, 478 U.S. at 813. In determining whether federal question jurisdiction exists over a state law claim, the courts must "distinguish between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible." Gully, 299 U.S. at 117. The Court must take a common sense approach to "a selective process which picks the substantial causes out . . . and lays the other ones aside." Id at 117-18. **III. Analysis**

### A. *Meierer's Claim for Breach of the Duty to Provide Emergency Medical Treatment*

St. John's argues that the Court has federal question jurisdiction over this action because St. John's assumes that Meierer intended to assert a federal claim under EMTALA rather than a state law claim for breach of the duty to provide emergency medical treatment. Meierer asserts that St. John's breached its duty to provide emergency medical treatment because it failed to comply with 19 C.S.R. 30-20.021 which sets forth the standards for the operation of Missouri hospitals. Although 19 C.S.R. 30-20.021(3)(c) requires Missouri hospitals to comply with EMTALA, the regulation also sets forth numerous other requirements including a blanket mandate that hospitals must provide emergency services (19 C.S.R. 30.20-021(3)), an easily accessible emergency area equipped and staffed to ensure prompt assessment and treatment of ill or injured persons (19 C.S.R. 30.20-021(3)(C)(1)), and assessment of all patients prior to discharge (19 C.S.R. 30.20-021(3)(C)(6)). Meierer argues that St. John's violated these Missouri regulatory standards by forcing prospective emergency room patients to sign adhesion contracts prior to receiving assessments. EMTALA is not mentioned anywhere in Meierer's complaint.

Beginning with consideration of the well-pleaded complaint rule, this Court notes that Meierer has not asserted a federal claim arising under EMTALA. Although the facts asserted in Meierer's complaint with respect to her claim for breach of the duty to provide emergency medical treatment may give rise to

9

a private right of action under EMTALA, Meierer has clearly chosen to rely on state law as her theory of recovery. Meierer, as the "master of the claim" is entitled to avoid federal jurisdiction by exclusive reliance on state law. *See* Caterpillar, Inc., 482 U.S. at 392. St. John's assumption that Meierer intended to assert a claim under EMTALA is insufficient to support federal question jurisdiction as the Eighth Circuit will not allow federal question jurisdiction to be based on mere conjecture. *See* Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir. 1968).

The Court further notes that St. John's may not avoid application of the well-pleaded complaint rule by invoking the doctrine of complete preemption. The language of EMTALA expressly prohibits a finding that Congress intended to completely preempt this area. 42 U.S.C. § 1395dd(f) provides, "The provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." As such, the complete preemption doctrine will not supersede application of the well-pleaded complaint rule in this case.

Meierer has chosen to forgo a claim under EMTALA. Neither this Court nor St. John's may force her to assert this claim for purposes of concluding that federal question jurisdiction exists. As Meierer's complaint fails to assert a federal cause of action, federal question jurisdiction does not exist unless an essential element of Meierer's claim for breach of the duty to provide emergency treatment depends upon the construction or application of a substantial question of federal law in dispute between the parties.

In Count V of her complaint, Meierer claims that St. John's breached its duty to provide emergency medical treatment by failing to comply with the Missouri regulations governing the operation of Missouri hospitals. Meierer's claim for breach of the duty to provide emergency medical treatment may be supported by proof of St. John's noncompliance with EMTALA, but may also be supported by

10

noncompliance with the numerous other requirements for Missouri hospitals set forth in 19 C.S.R. 30-20.021. As such, a violation of EMTALA is not an essential element of Meierer's claim for breach of the duty to provide emergency medical treatment. Meierer's claim does not depend on a question of federal law because not every legal theory supporting her claim requires resolution of a federal issue.[5]

The foregoing analysis reveals that federal question jurisdiction does not exist over Meierer's claim for breach of the duty to provide emergency medical treatment. A federal claim for violation of EMTALA does not appear on the face of Meierer's complaint. The complete preemption doctrine does not apply as Congress has explicitly prohibited a finding that EMTALA completely preempts state law under these circumstances. Finally, an essential element of Meierer's claim for breach of the duty to provide emergency medical treatment does not depend upon the construction or application of a substantial question of federal law because Meierer may recover on a legal theory that does not require consideration of EMTALA. Therefore, St. John's has failed to prove that the Court has original subject matter jurisdiction over Meierer's claim for breach of the duty to provide emergency medical treatment.

### B. *Meierer's Claim for Breach of Charitable Trust*

St. John's asserts that federal question jurisdiction exists over Meierer's cause of action because

---

[5]*See* Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816-17 (4th Cir. 2004) ("A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue. . .In other words, if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331."); *See also*, Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988) (holding that "a claim supported by alternative theories in a complaint may not form the basis for [patent] jurisdiction unless patent law is essential to each of those theories" and noting the similarities between the patent and federal question jurisdictional statutes).

11

Meierer seeks to impose various charitable obligations on St. John's as a result of St. John's status as a tax exempt entity. St. John's argues that the Missouri statute upon which Meierer relies to classify St. John's as a tax exempt entity gives rise to federal question jurisdiction as it relies entirely upon federal law. Mo. Rev. Stat. § 143.441.2(1) which defines tax exempt entities provides in relevant part:

> 2. The tax on corporations provided in subsection 1 of section 143.431 and section 143.071 shall not apply to:
>> (1) A corporation which by reason of its purposes and activities is exempt from federal income tax.

Accordingly, an entity that is exempt from federal income taxation under 26 U.S.C. § 501(c)(3) is also automatically exempt from Missouri state income taxation. St. John's argues that this creates a significant federal question sufficient to confer original subject matter jurisdiction over this action.

In response, Meierer asserts that St. Johns' status as a tax exempt entity is not in dispute. St. Johns' does not dispute that it is a tax exempt entity, but rather focuses on whether the Missouri income tax exemption statute imposes the alleged charitable obligations on St. John's.

Applying the well-pleaded complaint rule, this Court notes that the federal tax law governing tax exempt organizations does not appear anywhere on the face of Meierer's complaint. As a federal question is not presented in Meierer's statement of her claim, federal question jurisdiction does not exist unless an essential element of Meierer's claim for breach of charitable trust depends upon the construction or application of a substantial question of federal law in dispute between the parties.

Here, whether St. John's is considered a tax exempt entity under 26 U.S.C. § 501(c)(3) for purposes of determining whether St. John's is considered a tax exempt entity by the state of Missouri pursuant to Mo. Rev. Stat. § 143.441.2(1) does not present a substantial question of federal law in dispute

12

between the parties. As noted by St. John's in its Suggestions in Opposition, federal question jurisdiction exists only when the case presents, "some substantial, *disputed* question of federal law as a necessary element of [a plaintiff's] state law claims." Nichols v. Harbor Ventures, Inc., 284 F.3d 857, 860 (8th Cir. 2002) (emphasis added). St. John's status as a tax exempt entity under 26 U.S.C. § 501(c)(3), and correspondingly pursuant to Mo. Rev. Stat. § 143.441.2(1) is undisputed. The issue is not whether St. John's is a tax exempt entity, but rather whether St. John's tax exempt status carries charitable obligations under Missouri law. As resolution of this issue depends solely on state law and does not require consideration of federal law, St. John's has failed to prove that federal question jurisdiction exists over Meierer's complaint.

## CONCLUSION

St. John's has failed to prove that federal question jurisdiction exists over Meierer's cause of action. Meierer's claim for breach of the duty to provide emergency medical treatment does not implicate federal law as Meierer asserts that St. John's breached its duty by failing to comply with Missouri regulations governing Missouri hospitals. Although these Missouri regulations adopt the standards set forth in EMTALA, a violation of EMTALA is not the only legal theory supporting Meierer's claim. Furthermore, Meierer's claim for breach of charitable trust does not present a substantial question of federal income tax law as St. Johns' status as a tax exempt entity is not in dispute. As Meierer's complaint fails to assert a federal cause of action and no essential element of Meierer's claims depend upon the construction or application of a substantial question of federal law, federal question jurisdiction does not exist over Meierer's cause of action. Meierer's Motion for Remand is GRANTED.

13

**IT IS SO ORDERED**.

               /s/ Gary A. Fenner
               GARY A. FENNER, JUDGE
               United States District Court

DATED: May 5, 2005